IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



UNITED STATES OF AMERICA

v.  Criminal No. 2:92CR163
    Civil Action No. **2:14CV113**

WILLIAM HAZEL

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on November 4, 2002, the Court denied a 28 U.S.C. § 2255 motion filed by William Hazel.[1] On October 9, 2013, the Court received a Motion for Relief from Judgment seeking relief under Federal Rule of Civil Procedure 60(b). (ECF No. 90 ("Rule 60(b) Motion").) As explained below, the Rule 60(b) Motion must be treated as a successive, unauthorized 28 U.S.C. § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district

---

[1] In that motion, Hazel argued that, inter alia, the Court should grant him relief because the jury failed to find the precise amount of drugs attributable to him. See United States v. Hazel, 2:92CR163, at 1 (E.D. Va. Nov. 4, 2002).

court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. See United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003). "[A] Rule 60(b) motion filed in a § 2255 proceeding may be a 'true' Rule 60(b) motion or instead a second or successive § 2255 petition filed under the auspices of Rule 60(b)." United States v. McCalister, 453 F. App'x. 776, 778 (10th Cir. 2011) (citing Spitznas v. Boone, 464 F.3d 1213, 1215-16 (10th Cir. 2006)). A post-judgment motion filed in a habeas or § 2255 proceeding is truly a 60(b) motion if it:

> "(1) challenges only a procedural ruling . . . which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the . . . habeas proceeding, provided that such a challenge does not itself lead . . . to a merits-based attack on the disposition of a prior habeas petition."

Id. (omissions in original) (quoting Spitznas, 464 F.3d at 1216). "By contrast, 'a [Rule] 60(b) motion is a second or successive [habeas] petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction.'" Id. (alterations in original) (quoting Spitznas 464 F.3d at 1215).

2

Here, Hazel contends that recent Supreme Court's decision in <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013)[2] renders his conviction and sentence unconstitutional. Specifically, Hazel contends there was a

> lack of . . . consistency between, the crime as charged in the indictment and found by the jury and . . . the crime for which the Petitioner was sentenced. This error results in a substantial like[li]hood that Petitioner may have been convicted of an offense other than that charged in the indictment.

(Rule 60(b) Mot. 12 (citation omitted).) In substance and effect, such a challenge "'asserts . . . a federal basis for relief from [his] underlying [federal] conviction[s].'" <u>McCalister</u>, 453 F. App'x at 778 (quoting <u>Spitznas</u>, 464 F.3d at 1215). Accordingly, the Rule 60(b) Motion is properly construed as a successive 28 U.S.C. § 2255 motion. See <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 530-32 (2005) (construing a motion as a successive "habeas corpus application" if it "seeks vindication" of "a claim" for relief from the criminal judgment, regardless of the title of the motion). The Fourth Circuit has not authorized this Court to entertain Hazel's successive § 2255 motion.

---

[2] In <u>Alleyne</u>, the Supreme Court addressed a defendant's mandatory minimum sentence of seven years for brandishing a firearm under 18 U.S.C. § 924(c)(1)(A)(ii). <u>Alleyne</u>, 133 S. Ct. 2155-56. The Supreme Court held that, other than prior convictions, "facts that increase [statutory] mandatory minimum sentences must be submitted to the jury." <u>Id.</u> at 2163.

Accordingly, the action (ECF No. 90) will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Hazel fails to satisfy this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Hazel and counsel for the United States.

Date: March 19, 2014  
Norfolk, Virginia

/s/ REP  
Robert E. Payne  
Senior United States District Judge

4